# IN RE HERBST.*

### TRADEMARKS.

In a trademark interference proceeding, the issue which the Commissioner of Patents is called upon to determine is not merely one of priority, as in a patent interference proceeding, but involves any question that might arise in an *ex parte* case.

No. 514. Patent Appeals. Submitted January 7, 1909. Decided March 2, 1909.

HEARING on an *ex parte* petition for a rehearing. *Denied.*

*Mr. L. S. Bacon* for the petitioner.

Mr. Justice ROBB delivered the opinion of the Court:

This application for rehearing is based upon the erroneous assumption that the trademark act prescribes the same procedure in the Patent Office that the law requires in patent cases. Congress, on the contrary, recognized a distinction between the two classes of cases, and hence enacted a law that would enable the Commissioner of Patents expeditiously to dispose of trademark cases. The reason for this distinction is not far to seek. Patent cases involve novel discoveries, and frequently intricate questions of law and fact, while in trademark cases the issue is usually a very narrow one, and quite easily determined.

As pointed out in the opinion, sec. 7 of the trademark act in terms clothes the Commissioner with power "to refuse to register both of two interfering marks," or to "register the mark, as a trademark, for the person first to adopt and use the mark,

*See *ante,* p. 269.

if otherwise entitled to register the same." It will thus be seen that in a trademark interference proceeding the issue which the Commissioner is called upon to determine is not merely one of priority, as in a patent interference proceeding, but involves any question that might be raised in an *ex parte* case. The provision at the end of sec. 9, that the same rules of practice and procedure shall govern in trademark cases as in patent cases *"as far as the same may be applicable,"* is not in conflict with the above conclusion. Neither is there in rule 48 of the trademark rules anything not in harmony with this opinion. That rule provides (*inter alia*) that the Commissioner, before final judgment on the question of priority, *may* suspend the interference and remand the same to the Examiner in Charge of Trademarks for his consideration of matters relating to priority to which the attention of the Commissioner has been directed. Thus in *Union Distilling Co.* v. *Schneider,* 29 App. D. C. 1, the Commissioner did not finally determine the question of the right of appellant to registration, but, in effect, remanded the case that further testimony might be taken.

*Re Fullager,* present Term, [*ante,* 222] involved an interference as to an invention, in which, as above stated, the sole issue to be determined by the Commissioner is one of priority.

The petition for rehearing is *denied.*